PER CURIAM:
The claimant brought this action for damage to a 1986 AMC Eagle, which occurred when the vehicle encountered a mud slick on a road maintained by the respondent in Summers County.
The incident giving rise to this claim occurred on Sunday, July 19, 1998, at approximately 9:20 a.m. The claimant was driving on Route 9 east of Hinton on his way to church. The weather was dry, but it had rained the night before. Route 9 in this area is a narrow, two-lane, paved road with numerous curves. The claimant was driving down a hill and as he proceeded around a sharp turn he suddenly encountered an area where mud had washed across the road. The claimant lost control of his vehicle and it slid into a ditch causing damage to the front end. The claimant submitted into evidence a repair estimate in the amount of $1,831.31. He had liability insurance only.
*167 The evidence adduced at hearing conclusively established that the proximate cause of the claimant’s accident was the mud slick. The respondent had been engaged in cleaning out ditches along Route 9 for several days immediately prior to the claimant’s accident. In the immediate area of the accident, there is an ongoing slip area adjacent to the road. The respondent had cleaned the ditch line in this area and had swept dirt off the road twice before quitting for the weekend. The evidence established that at approximately 8:30 a.m. on the morning of the claimant’s accident, the respondent had received a telephone call advising of the mud slick. The respondent arrived on the scene approximately 10 minutes after the claimant’s accident and applied gravel in the area.
It is well established that the respondent is neither and insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for road defects, the claimant must prove that the respondent had actual or constructive knowledge and failed to take reasonable remedial steps. In the present case, the evidence indicates that the respondent was taking diligent steps to clean out the ditches and remove dirt from the road surface. Furthermore, the respondent responded immediately when advised of the mud slick on the morning of the accident.
It appears from the evidence that the principal reason that the mud slick developed was that there was a slip in the immediate vicinity which deposited mud onto the road when it rained. While not unsympathetic to the claimant’s position, the Court is of the opinion that there is insufficient evidence of negligent conduct on the part of the respondent upon which to justify an award. Therefore, in view of the foregoing, the Court does hereby deny the claim.
Claim disallowed.